IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 02-cv-00121-WYD-OES

TOBEY ROQUEMORE,

     Plaintiff,

v.

DOMINION CORRECTIONAL SERVICES, LLC, et al.,

     Defendants.

_____

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

_____

THIS MATTER is before the Court on Defendants' Motion for Summary

Judgment ("Motion"), filed February 18, 2005.  This motion, which was fully briefed by

the parties on April 19, 2005, was referred to Magistrate Judge O. Edward Schlatter for

a recommendation by Order of Reference dated March 4, 2002 and Amended Order of

Reference dated November 15, 2002.  A Recommendation for Dismissal

("Recommendation") was issued by the Magistrate Judge on May 27, 2005, and is

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Schlatter recommends therein that Defendants' Motion for

Summary Judgment be granted, and that Plaintiff's Complaint against all Defendants be

dismissed with prejudice.  More particularly, the Magistrate Judge recommends that

Defendants Don Lawson, Dr. Joseph McGarry, Dr. G.E. Philbin, Delores Montoya,

Joanie Shoemaker, and Dr. John Bloor are entitled to summary judgment because

Plaintiff fails to raise a genuine issue of materia fact regarding his § 1983 claim.[1]  *See*

Recommendation at 30.  The Magistrate Judge further recommends that Plaintiff's

Complaint against Defendants Dennis Kleinsasser, Lou Archuleta, Patrice Baldwin,

D.W. Englund, and L. Halversan be dismissed with prejudice.  *Id.*  Lastly, Magistrate

Judge Schlatter recommends Plaintiff's Complaint against Defendants Dominion

Correctional Services, LLC, Corrections Corporation of America and Does 1-50

inclusive be dismissed in its entirety, *sua sponte*, thereby terminating the action.  *Id.*

Pursuant to FED. R. CIV. P. 72(b), written objections were due within ten (10)

days after service of a copy of the Recommendation.  Since no objections were filed to

the Magistrate Judge's Recommendation, I am vested with discretion to review the

Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

(stating that "[i]t does not appear that Congress intended to require district court review

of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings").  Nonetheless, though not required to do

so, I review the Recommendation to "satisfy [my]self that there is no clear error on the

face of the record."[2]  *See* FED. R. CIV. P. 72(b), Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error

---

[1]The Magistrate Judge recommends that Defendants Lawson, McGarry, and Montoya are *also* entitled to summary judgment on Plaintiff's Section 1983 claim because Plaintiff failed to show an "affirmative link" tying these Defendants to the constitutional violation. Recommendation at 21-22.

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

on the face of the record.  I agree with Magistrate Judge Schlatter's recommendation that summary judgment is proper on Plaintiff's Section 1983 claim alleging Defendants were deliberately indifferent to Plaintiff's medical needs.  More particularly, with respect to Plaintiff's delay in treatment claim, I do not find that Defendants' actions following Plaintiff's CT scan on February 4, 2000 constitute deliberate indifference.  I further find Plaintiff's claim that Defendants were aware of the substantial risk associated with cancer, but repeatedly failed to provide follow-up care, is equally deficient; the record indicates that Defendants followed a course of treatment and care, and that Plaintiff's claim, at the most, amounts to a disagreement with the chosen course of treatment. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (mere disagreement with the diagnosis or the prescribed course of treatment is not a constitutional violation).  *See also, Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

I also agree with the Magistrate Judge's recommendation that Plaintiff's Complaint against the remaining Defendants in this action be dismissed with prejudice. Accordingly, it is

ORDERED that the Recommendation for Dismissal of the United States Magistrate Judge dated May 27, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Summary Judgment, filed February 18, 2005, is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

Dated:  June 27, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge